IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 15-4033 |
| **v.** | * | |
| | * | |
| | * | |
| **SUNDU K. KOROMA** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

On February 16, 2016, the Defendant filed a letter with the court requesting that late fees assessed in connection with the late payment of fines and costs be waived and that her record of conviction and arrest record be expunged. For the reasons stated below, the Defendant's request is **DENIED**.

On November 16, 2015, after a trial, the Defendant was found guilty of unsafe operation of a motor vehicle and driving a motor vehicle closer than reasonable and prudent. The Defendant was represented by counsel at the trial. On each charge the Court imposed a fine in the amount of $115.00, a special assessment in the amount of $10.00, and a processing fee in the amount of $25.00, for a total of $300.00. The Court ordered that the fines and costs be paid within 30 days. Apparently the Defendant failed to pay the fines and costs within 30 days and has received a notice from the Central Violations Bureau assessing late fees.

The Defendant has not provided the Court with just cause to waive the late fees. The Defendant was represented at the trial by competent counsel. The Court clearly stated on the record that the fines and costs were to be paid within 30 days. The courtroom deputy clerk

provided payment instructions to the Defendant's counsel.  Therefore, the Defendant's request for a waiver of the late fees is **DENIED**.

In regard to the Defendant's request for expungement of her record of conviction and arrest record, because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction.  *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying the Defendant's convictions are not interdependent with the equitable considerations raised by Defendant's request for expungement.  *See United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012).  Further, expungement of the Defendant's criminal convictions runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees.  *See id.* at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010).  Because the Court accordingly lacks ancillary jurisdiction, the Defendant's request to expunge her record of conviction and arrest record is **DENIED**.

Date: February 19, 2016                                   /s/
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge


CC:   Sundu K. Koroma
      AUSA Hollis Raphael Weisman