**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 15-po-4033** |
| **v.** | * | |
| | * | |
| | * | |
| **SUNDU K. KOROMA,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's *pro se* motion to expunge her record of conviction and arrest record.  No hearing is necessary.  L.R. 105.6.  On November 16, 2015, after a bench trial where Defendant was represented by counsel, Defendant was found guilty of unsafe operation of a motor vehicle and driving a motor vehicle more closely than reasonable and prudent.  On each charge the Court imposed a fine in the amount of $115.00, a special assessment in the amount of $10.00, and a processing fee in the amount of $25.00, for a total of $300.00.  Defendant now seeks "expungement for employment purposes" of her record of conviction and arrest record.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction.  *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's convictions are not interdependent with any equitable circumstances that she may claim justify expungement.  *See Doe v. United States*, 833 F.3d 192, 198-99 (2d Cir. 2016); *United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012).  Further, expungement of Defendant's criminal convictions runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees.  *See Doe*, 833 F.3d at 198; *Harris*, 847 F. Supp. 2d at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010).  Because the Court thus lacks ancillary jurisdiction, Defendant's *pro se* motion to expunge her record of conviction and arrest record is **DISMISSED** for lack of jurisdiction.


Date: January 23, 2017                                                     _____/s/_____

                                                                                            Thomas M. DiGirolamo
                                                                                            United States Magistrate Judge

2